IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BILLY STAVES,

        Plaintiff,

v.

EAU CLAIRE CITY POLICE DEPT.,
AARON SCHIEFELBEIN and PAUL ASSELIN

        Defendants.

OPINION AND ORDER

24-cv-851-wmc

    Plaintiff Billy Staves, who is representing himself and was incarcerated at St. Croix Correctional Center at the time he filed the complaint in this case,[1] alleges that the Eau Claire City Police Department and Officers Aaron Schiefelbein and Paul Asselin violated his Fourth Amendment rights by illegally searching his hotel room. Because Staves was incarcerated at the time he filed this complaint and has not prepaid the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. §§ 1915(e)(2), 1915A. The court accepts Staves' allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 537 F.3d 742, 751 (7th Cir. 2011). The court will allow Staves to proceed on Fourth Amendment claims against the officers but will dismiss the Eau Claire City Police Department for reasons explained below.

---

[1] Prison records show that Staves was incarcerated by the Wisconsin Department of Corrections but is now on community supervision. *Offender Detail*, https://appsdoc.wi.gov/lop/details/detail (last visited June 25, 2025).

ALLEGATIONS OF FACT

Staves alleges that, on August 16, 2022, he was staying at a Motel 6 in Eau Claire with his one-year-old son when City of Eau Claire police officers Aaron Schiefelbein and Paul Asselin knocked on the door of his motel room. Staves opened the door, and the officers stated that they were there to perform a welfare check on his child. When Staves explained that his son was taking a nap, Schiefelbein and Asselin began asking him questions about his son's wellbeing. Staves alleges that, while blocking access to the room, he allowed the officers to see into the room, so they could see that his son was "OK." At that point, Schiefelbein and Asselin demanded Staves allow them into his room and eventually forced their way into the room. The officers then asked Staves if he was on probation. Staves alleges that the officers violated his rights under the Fourth Amendment because: the officers did not have a warrant or probable cause when they entered his room; they created a "stalking horse" for the search by falsifying police reports against him;[2] the search resulted in his arrest and revocation of extended supervision; and his child was put in protective custody.

Court records show that the Eau Claire County District Attorney filed charges against Staves two days after the search, and that Staves was eventually found guilty via a no contest plea of neglecting a child (Wis. Stat. § 948.21(2)) and possession of

---

[2] In the Fourth Amendment context, a "stalking horse" is a probation officer who uses his or her authority "to help the police evade the Fourth Amendment's warrant requirement." *State v. Hajicek*, 2001 WI 3, ¶22, 240 Wis. 2d 349, 620 N.W.2d 781 (alterations adopted and quotation marks omitted).

methamphetamine (Wis. Stat. § 961.41(3g)(g).[3]

## ANALYSIS

As an initial matter, the court will not allow plaintiff to proceed against the Eau Claire City Police Department because it is not a suable entity for constitutional violations under 42 U.S.C. § 1983. *Best v. City of Portland*, 554 F.3d 698, 698 n. 1 (7th Cir. 2009) ("a police department is not a suable entity under § 1983").

The Fourth Amendment protects people from "unreasonable searches and seizures." U.S. Const. amend. IV. "Warrantless searches are per se unreasonable, subject to a few carefully defined exceptions." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016). Moreover, the "Fourth Amendment extends to temporary dwelling places, such as hotel and motel rooms." *United States v. Lewis*, 38 F.4th 527, 535 (7th Cir. 2022).

At least at the screening stage of this proceeding, plaintiff appears to state a Fourth Amendment claim against defendants Schiefelbein and Asselin for allegedly searching his motel room without a warrant, probable cause, or consent. Certainly, an exception to the general rule that such searches are *per se* unreasonable may apply, but that possibility will not prevent this case from proceeding past screening. While it appears that the allegedly illegal search resulted in plaintiff's conviction of several crimes, that fact alone does not appear to make this case subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff cannot bring claims for damages under 42 U.S.C. § 1983 if

---

[3] Available state court records reflect that Staves has a lengthy record of convictions and confinement in the Wisconsin Department of Corrections. *See Wisconsin Circuit Court Access*, https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF000947&countyNo=18&index=0&mode=details (last visited June 24, 2025.)

judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in, among other proceedings, a habeas corpus proceeding. *Id.* at 486-87. However, the U.S. Supreme Court and Seventh Circuit have explained that *Heck* does not preclude Fourth Amendment claims even if conviction has resulted from the search. *See, e.g., Nelson v. Campbell*, 541 U.S. 637, 647 (2004) ("we acknowledged that an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial, because success on the merits would not '*necessarily* imply that the plaintiff's conviction was unlawful'" (emphasis original) (quoting *Heck*, 512 U.S. at 487 n. 7)); *Copus v. City of Edgerton*, 151 F.3d 646, 648 (7th Cir. 1998) ("Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward."); *but see Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) (*Heck* would bar a claim that plaintiff was arrested and prosecuted solely for the drugs police officers had allegedly planted on plaintiff's person).

In sum, plaintiff may proceed on Fourth Amendment claims against defendants Schiefelbein and Asselin, but the court will dismiss the Eau Claire City Police Department from the action.

ORDER

IT IS ORDERED that:

1) Plaintiff Billy Staves is GRANTED leave to proceed on Fourth Amendment illegal search claims against Aaron Schiefelbein and Paul Asselin.

2) Plaintiff is DENIED leave to proceed on any other claim, and the Eau Claire City Police Department is DISMISSED.

4

3) The clerk of court is directed to ensure that the United States Marshals Service serves defendants Schiefelbein and Asselin with a copy of plaintiff's complaint and this order. Plaintiff should not attempt to serve defendants on his own at this time.

4) Plaintiff will receive additional information about how to proceed at the preliminary pretrial conference, which will be set after all of the defendants have filed an answer. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

5) Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6) It is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered this 11th day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge